# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| TIZAZU AREGA,<br>      Petitioner, | Case No. 1:21-cv-244 |
| vs. | Barrett, J.<br>Bowman, M.J. |
| WARDEN, BUTLER COUNTY SHERIFF,<br>      Respondents. | **REPORT AND RECOMMENDATION** |

Petitioner, an Immigration and Customs Enforcement (ICE) detainee located at the Butler County, Ohio Jail, filed a petition for a writ of habeas corpus in this Court. (Doc. 6). The petition, along with a motion for leave to proceed *in forma pauperis*, was initially filed in the Sixth Circuit Court of Appeals on March 10, 2021. (*See* Doc. 5, 6). On April 21, 2021 the documents were docketed in this action.

Meanwhile, on April 9, 2021, an "Emergency Motion for Order to Show Cause and Order the Respondents-Defendants Response to the Merits of Petitioner's Petition under 28 U.S.C. § 2243" was filed in this case. (Doc. 1). Because this was not the first petition filed by petitioner challenging his state court conviction or his removal order, *see Arega v. DHS*, Case No. 2:18-cv-1714 (S.D. Ohio, Mar. 18, 2019); *Arega v. Evans*, No. 2:18-cv-562 (S.D. Ohio June 7, 2018); *Arega v. Warden*, No. 2:18-cv-1486 (S.D. Ohio Nov. 16, 2018); *Arega v. Warden*, No. 2:16-cv-618 (S.D. Ohio June 27, 2016); *Arega v. Warden*, No. 2:18-cv-942 (S.D. Ohio Aug. 22, 2018); *Arega v. Warden*, No. 2:19-cv-2905 (S.D. Ohio June 27, 2019), the Court issued a Deficiency Order on April 20, 2021. (Doc. 4). The Court noted that this Court does not have jurisdiction to entertain challenges to petitioner's removal order and, to the extent that petitioner is challenging his state court conviction, the Court must dismiss successive petitions pursuant to

28 U.S.C. § 2244(b).[1]  Petitioner was ordered to show cause, in writing **within thirty (30) days** of the date of this Order, why this action should not be transferred to the Sixth Circuit Court of Appeals as a successive petition or—to the extent that petitioner challenges his removal order—dismissed for lack of jurisdiction.[2]

To date, more than thirty (30) days after the April 20, 2021 Order, petitioner has failed to respond to the Order of the Court.

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962).  Failure of a party to respond to an order of the Court warrants invocation of the Court's inherent power in this federal habeas corpus proceeding.  *See* Fed. R. Civ. P. 41(b); *see also* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Accordingly, this case should be dismissed for petitioner's failure to comply with the Court's April 20, 2021 Order.  *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

**IT IS SO RECOMMENDED.**

                         *s/Stephanie K. Bowman*
                         Stephanie K. Bowman
                         United States Magistrate Judge

---

[1] Although petitioner purports to bring the petition under 28 U.S.C. § 2243, the Sixth Circuit has already found in one of petitioner's prior cases that such a petition challenging a state court conviction/sentence is properly construed as being brought under § 2254.  *See Arega v. Warden,* No. 2:18-cv-1486 (S.D. Ohio June 10, 2019) (Doc. 18) (the Sixth Circuit denied petitioner's motion for authorization to file a second or successive petition, finding that the district court properly construed the petition—purportedly brought under 28 U.S.C. § 2243—as being filed under § 2254 and that the petition was second or successive).

[2] Petitioner was also ordered to pay the $5.00 filing free or file a motion for leave to proceed without prepayment of fees.  Petitioner's motion for leave to proceed *in forma pauperis* (Doc. 5) had not yet been filed in this action.  However, the undersigned notes that the motion docketed on April 21, 2021 is deficient, as the motion does not include the certification portion of the application and affidavit to proceed without prepayment of fees form (completed and signed by the institutional cashier) showing the balance of his prison account.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| TIZAZU AREGA,<br>    Petitioner,<br><br>vs.<br><br>WARDEN, BUTLER COUNTY SHERIFF,<br>Respondents. | Case No. 1:21-cv-244<br><br>Barrett, J.<br>Bowman, M.J. |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).